UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 11-20551

JOHN GERALT, M.D. (D-19),

    Defendant.

                                              /

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

On July 2, 2015, a jury found Defendant John Geralt guilty of conspiracy to distribute controlled substances. (Dkt. # 1160, Pg. ID 8142-43.) Now before the court is Defendant's Motion for Judgment of Acquittal (Dkt. # 1177). He argues two theories: that there was no evidence from which a jury could conclude that Defendant knowingly joined the conspiracy (which Defendant acknowledges was ongoing), and that there was no evidence of a medical practice "standard of care" which could be proven to be been violated by Defendant. For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

Defendant was indicted and tried as an alleged conspirator with two other defendants, Adelpho Pamatmat and Sardar Ashrafkhan. Defendant here alleges that there as insufficient evidence, as set forth immediately above.

## II. STANDARD

A motion for judgment of acquittal arises under Fed.R. Crim. P. 29, and asserts that, even "viewing the evidence in the light most favorable to the prosecution, any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). A defendant claiming insufficiency of the evidence bears the burden of persuasion. *United States v. Ramirez,* 635 F.3d 249, 256 (6th Cir. 2011) ("This standard is a great obstacle to overcome.").

To grant such a motion, the court must be persuaded that the conviction was not based on sufficient substantial and competent evidence, considering the record as a whole. *United States v. Ellzey,* 874 F.2d 324, 328 (6th Cir. 1989). "Circumstantial evidence alone is sufficient to sustain a conviction, and such evidence need not remove every reasonable hypothesis except that of guilty." *United States v. Spearman,* 186 F.3d 743, 746 (6th Cir. 1999). Moreover, even "uncorroborated testimony" given by an accomplice may support a conviction. *United States v. Gallo,* 763 F.2d 1504, 1518 (6th Cir. 1985), cert. denied, 475 U.S. 1017 (1986).

## III. DISCUSSION

The court has reviewed the transcript of the portions of the trial transcript and is persuaded that the evidence was sufficient. Credibiility determinations are for the jury, and the jury is permitted to draw inferences and conclusions from the admitted exhibits and testimony. The jury therefore was permitted to conclude that Defendant Geralt fit in seamlessly at the clinic, signing charts wholesale as though he had conducted examinations, with no legitimate "patient" interaction, and issuing the desired

prescriptions for controlled substances as directed by the patient "recruiter." The testimony was sufficient both to indicate that Defendant was participating in a conspiracy, and that he was acting other than in good faith in creating false charts and issuing prescriptions for unexamined "patients." The jury, finally, was permitted to take into account the Defendant's several false statements to FBI agents who interviewed him at his home in determining whether he was acting medically in "good faith." The jury could well conclude that if he was willing to lie so specifically and so clearly to them, then the likelihood of legitimacy in his other actions was substantially diminished. "I'm not upset that you lied to me, I'm upset that from now on I can't believe you." (Attributed to Friedrich Nietzsche).

### III. CONCLUSION

IT IS ORDERED THAT Defendant's Motion for Judgment of Acquittal is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 16, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522