**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 11-20551

JOHN GERALT, M.D. (D-19),

        Defendant.

                                               /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL**

On July 2, 2015, a jury found Defendant John Geralt guilty of conspiracy to distribute controlled substances. (Dkt. # 1160, Pg. ID 8142-43.) Now before the court is Defendant's Motion for New Trial (Dkt. # 1179) which raises one ground, prosecutorial misconduct in rebuttal argument. For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

Defendant was indicted and tried as an alleged conspirator with two other defendants, Adelpho Pamatmat and Sardar Ashrafkhan. Defendant here focuses his central complaint upon the government's rebuttal final argument in which government counsel compared Defendant's behavior to that of another alleged co-conspirator, and called the jury's attention to video and audio recorded interaction between Defendant and an informant in which Defendant reviewed "patient" charts relating to people he never saw, and wrote prescriptions mainly at the behest and direction of the informant. The government also argued that Tiffany Walker, a patient recruiter, "indicated that the

person who came for the [bogus "patient party" house call] visit was Dr. Geralt." Defendant alleges in his motion that the government's argument amounted to pervasive prosecutorial misconduct depriving Defendant of a fair trial. Defendant alleges that the government "failed to prove that Dr. Geralt entered into an agreement to distribute controlled substances."

## II. STANDARD

Pursuant to Federal Rules of Criminal Procedure Rule 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." Fed. R. Crim. P. 33(a). "[I]t is widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010).

## III. DISCUSSION

No "substantial legal error" has occurred. The court has reviewed the transcript of the portions of the argument that Defendant refers to here, and is reminded that the argument was interrupted more than once by Defendant's counsel, saying "this is not true," etc. It is the court's view that government counsel was arguing fair inferences from admitted facts. Counsel concluded this portion of the argument by saying "I submit to you, there's the documentation," referring to a document admitted into evidence bearing a notation the "Dr. Geralt" was the doctor scheduled to attend the session. Walker clearly explained the circumstances of the creation of the notation and its significance. Inferences from facts are within the province of the jury. The government's

arguments referred to admitted testimony and exhibits, did not espouse personal beliefs or endorsements, and simply invited the jury to draw conclusions.

### III. CONCLUSION

IT IS ORDERED THAT Defendant's Motion for a New Trial is DENIED.

                                 s/Robert H. Cleland
                                 ROBERT H. CLELAND
                                 UNITED STATES DISTRICT JUDGE

Dated: December 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 16, 2015, by electronic and/or ordinary mail.

                                 s/Lisa Wagner
                                 Case Manager and Deputy Clerk
                                 (313) 234-5522